IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 7:19-cr-00045 |
| | ) |
| ARTHUR LEE SMITH, | ) By: Michael F. Urbanski |
| Defendant. | ) Chief United States District Judge |

**MEMORANDUM OPINION**

This matter comes before the court on defendant Arthur Lee Smith's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 55. The Federal Public Defender's Office has supplemented Smith's motion. ECF No. 59. The government opposes it. ECF No. 63. Because the court finds that Smith has not demonstrated extraordinary and compelling circumstances to justify his release, Smith's motion is **DENIED**.

**I.**

On July 11, 2019, Smith pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement to possession of heroin with the intent to distribute and possession of ammunition by a convicted felon. ECF No. 40. On October 22, 2019, Smith was sentenced to 30 months of incarceration on each count to run concurrently. ECF No. 52. Smith has been in continuous custody since March 20, 2019, ECF No. 49 at 1, and has served more than half of his sentence. Smith is scheduled to be released on May 6, 2021, and is eligible for home detention on February 5, 2021. ECF No. 59-2 at 4.

Smith seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that his various medical issues constitute "extraordinary and compelling" reasons warranting a

sentence reduction. Smith suffers from hypertension and his records from the Bureau of Prisons (BOP) reflect this. See, e.g., ECF No. 59-3 at 20. Smith also asserts that he has asthma and is pre-diabetic, though his BOP records do not reflect this. Smith asks the court to reduce his sentence to time served. ECF No. 55 at 7. The government opposes any sentence reduction for Smith. ECF No. 63. This matter is fully briefed and ripe for disposition.[1]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Smith's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is

---

[1] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Smith is a danger to the safety of the community.

    i.    <u>Smith has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons (BOP), to bring motions under § 3582(c) was added by the FSA in order to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u> The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals available through the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded.

Here, Smith made a written request for compassionate release to the warden on April 2, 2020. ECF No. 59-1. On April 20, 2020, the warden denied Smith's request and advised him that he could "appeal through the Administrative Remedy Program" if he was dissatisfied with the BOP's response. <u>Id.</u> Smith filed his motion with this court on June 25, 2020. ECF No. 55. It is not clear from the record that Smith exhausted any administrative appeals

available through the BOP. However, the government does not contest that Smith exhausted his administrative remedies. ECF No. 63 at 5–6. Accordingly, the court finds that Smith exhausted his administrative remedies. To the extent that Smith may not have fully exhausted any available administrative appeals, the government has waived the exhaustion requirement.

This court has previously found that the exhaustion requirement does not operate as a jurisdictional bar under § 3582(c)(1)(A). See United States v. Crawford, No. 2:03-cr-10084, 2020 WL 2537507, at *1 n.1 (W.D. Va. May 19, 2020). Because the exhaustion requirement is not jurisdictional, it operates as a claims-processing rule and can be waived. See e.g., Crawford, 2020 WL 2537507, at *1 (finding that the exhaustion requirement has been waived where the government failed to raise exhaustion as a ground for denying the motion); see also United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020) (holding that the exhaustion requirement is a mandatory claims-processing rule that has two exceptions: waiver and forfeiture) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)); United States v. Russo, 454 F. Supp. 3d 270, 275 (S.D.N.Y. 2020) ("one key consequence of [§ 3582(c)(1)(A)] not being jurisdictional is that the Government can waive the affirmative defense of exhaustion."). Accordingly, the court finds that the government has waived the exhaustion requirement by not contesting Smith's satisfaction of it.

ii. <u>Smith does not present extraordinary and compelling circumstances to warrant a sentence reduction.</u>

The court must next consider if it should "reduce the term of imprisonment." See 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("USSG") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over

4

65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

The court finds that Smith's underlying medical conditions, even in the context of the COVID-19 pandemic, do not present "extraordinary and compelling reasons" to reduce his sentence under Application Note A. Id. at cmt. n. 1(A). "In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing, e.g., United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). "When assessing compassionate release motions during the pandemic, the Court examines the Center for Disease Control and Prevention's [CDC] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC has issued guidance on specific risk factors that place individuals at a higher risk of severe outcomes from COVID-19.[2]

---

[2] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Sept. 11, 2020).

Here, Smith suffers from hypertension, which the CDC recognizes "might" put him at an "increased risk for severe illness" should he contract the coronavirus.[3] But the additional risk posed by Smith's hypertension is neither certain nor inevitable and, therefore, not extraordinary and compelling.[4] While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Because the court finds that Smith has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[5]

## III.

For the reasons stated herein, the court **DENIES** Smith's motion for compassionate release, ECF No. 55. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: October 19, 2020

Michael F. Urbanski
Chief U.S. District Judge
2020.10.19 13:24:03
-04'00'

Michael F. Urbanski
Chief United States District Judge

---

[3] Id.
[4] The court's ruling would not change if Smith's BOP records supported his assertions that he also suffers from asthma and is pre-diabetic. The CDC treats moderate to severe asthma the same as Smith's hypertension and it does not recognize any additional risk associated with being pre-diabetic. Id.
[5] Because the court finds that Smith has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.